**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TERRY METCALF and ) | |
| METCALF CONSTRUCTION COMPANY, INC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 07-1839 (RMC) |
| ) | |
| DONALD C. WINTER, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## APPLICATION FOR FEES AND OTHER EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Plaintiffs Terry Metcalf and Metcalf Construction Company, Inc. ("Metcalf" or

"Plaintiffs") by counsel, hereby file this Application for Fees and Other Expenses under the

Equal Access to Justice Act (28 U.S.C. §2412) ("EAJA"), and in support thereof, respectfully

state:

1.      This matter was brought before the Court and subsequently mooted by the

Defendants' having rescinded their debarment of Plaintiffs on October 15, 2007. In that the relief

sought by Plaintiffs was granted pursuant to the bringing of this action, Metcalf was the

prevailing party. 28 U.S.C. §2412(d)(1)(A).

2.      The United States' position in debarring Metcalf was not substantially justified.

28 U.S.C. §2412(d)(1)(A).

3.      At the time this case was filed, October 11, 2007, neither Terry Metcalf nor

Metcalf Construction Company, Inc. had a net worth of $7 million or more.    28 U.S.C.

§2412(d)(2)(B).  The Declaration of Terry Metcalf attesting to these facts is attached hereto as

Exhibit 1.

4.    As of October 11, 2007, Metcalf Construction had fewer than 500 employees.  At

no time during its corporate existence has Metcalf Construction ever had more than 500

employees.  28 U.S.C. §2412(d)(2)(B).  See Exhibit 1.

5.    Metcalf complies with the statutory test as a "party" for eligibility to apply for

attorneys' fees and expenses under EAJA.  28 U.S.C. §2412(d)(2)(B).

6.    In defending this matter, beginning with the proposed debarment on May 7, 2007,

Metcalf incurred $109,047.65 in attorneys' fees, expenses, and expert costs.

7.    Pursuant to EAJA, Metcalf seeks reimbursement of those attorneys' fees to the

maximum extent allowed by law and its expenses and expert fees.  Metcalf further requests that a

Cost of Living Adjustment ("COLA") be applied to the EAJA statutory rate in determining

recovery of attorneys' fees.  28 U.S.C. §2412(d)(2)(A)(ii).  See also, *Wilkett v. I.C.C.*, 844 F.2d

867, 874 (C.A.D.C. 1988): "This provision unambiguously licenses cost-of-living adjustments

("COLAs") to the $75 per hour ceiling established by the EAJA."

8.    The total amount of Metcalf's EAJA Application is $62,478.43.  This is

comprised of $57,290.28 in attorneys' fees; $2,888.15 in expenses; and $2,300.00 in expert fees.

9.    The attached chart, attached hereto as Exhibit 2, provides a tabulation of all hours

worked and amounts billed in Metcalf's case.  Exhibit 3 utilizes the hours set out in Exhibit 2 to

calculate attorneys' fees based on the initial rate of $125.00 per hour and then adjusted on a

monthly basis to reflect the adjustment to cost of living, as recommended by the Court of Federal

Claims in *Carmichael v. United States*, 70 Fed. Cl. 81, 86 (Fed. Cl., 2006).  The total number of

attorney hours billed equals 327 hours.  At $125.00 per hour, the overall initial value of this time

equals $42,887.50.  Adjusting the rate for the number of hours charged each month by the

monthly increase in COLA, however, increases this total to $57,290.28.  This $57,290.28 is the

amount of attorneys' fees Metcalf seeks to have reimbursed through its Application.

       10.     The second part of Metcalf's Application is for expenses relating to copying,

shipping and charges relating to time incurred by legal assistants in support of attorney efforts.

The latter charges have been adjusted to reflect the cost of those services to the firm rather than

the amounts charged to the client, in accordance with *Richlin Sec. Service Co. v. Chertoff*, 472

F.3d 1370, 2007 WL 970164 (C.A.Fed.).  The total for these expenses is $2,888.15.  See Exhibit

2.

       11.     The third part of Metcalf's Application consists of $2,300.00 for charges paid to

experts for their services.  This includes charges for Professor Nash. See Exhibit 2.

       WHEREFORE, as a prevailing party in a matter in which the United States' position was

not substantially justified, Metcalf is entitled to fees and other expenses in the amount of

$62,478.43 incurred by Metcalf in seeking judicial review of the Department of the Navy's

action in debarring Metcalf, and  for such and other relief as is just and proper.


October 24, 2007                                   Respectfully submitted,


                                           /s/ Robert J. Symon
                                         ROBERT J. SYMON
                                         Bradley Arant Rose & White LLP
                                         1133 Connecticut Avenue NW
                                         12th Floor
                                         Washington, D.C. 20036
                                         (202) 393-7150

                                         Counsel of Record for Plaintiffs
                                         TERRY METCALF and
                                         METCALF CONSTRUCTION CO., INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2007 I caused the foregoing Application

for Fees and Other Expenses under the Equal Access to Justice Act to be served on Counsel for

the Defendants by the Electronic Case Filing system or, if this means failed, by electronic mail

delivery to:

> Oliver W. McDaniel, Esq.
> Assistant United States Attorney
> Civil Division
> 555 Fourth St., N.W.
> Washington, DC  20530
> oliver.mcdaniel@usdoj.gov

> /s/ Robert J. Symon
> ROBERT J. SYMON
> Bradley Arant Rose & White LLP
> 1133 Connecticut Avenue NW
> 12th Floor
> Washington, D.C. 20036
> (202) 393-7150

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Terry Metcalf                                                )
73-4273 Hulikoa Drive                                        )
Kailua-Kona, Hawaii 96740                                    )
                                                             )
Metcalf Construction Company, Inc.                           )
73-4273 Hulikoa Drive                                        )
Kailua-Kona, Hawaii 96740                                    )
                                                             )
            Plaintiffs,                                      )
                                                             )
v.                                                           )    Civil Action No.: _07-1839_ (RMC)
                                                             )
Donald C. Winter                                             )
Secretary of the United States Navy                          )
Office of the Secretary of the Navy                          )
Department of the Navy                                       )
1000 Navy Pentagon Room 4D572                                )
Washington, DC. 20350-1000                                   )
                                                             )
and                                                          )
                                                             )
Mark O. Wilkoff                                              )
Suspending and Debarring Official                            )
Office of the General Counsel                                )
Department of the Navy                                       )
720 Kennon Street SE, Bldg 36, Room 214  )
Washington Navy Yard, DC  20374-5012     )
                                                             )

**DECLARATION OF TERRY METCALF**

        I, TERRY METCALF, do hereby declare under penalty of perjury, and with the full

knowledge that willful false statements and the like are punishable by fine or imprisonment, or

both (18 U.S.C. 1001), the following:

5/7977.1

# Exhibit 1

1.      My name is Terry Metcalf and I make this declaration based on facts personally known by me.

2.      I am the President and Chief Executive Officer of Metcalf Construction Company, Inc. ("MCCI"). My principal place of business is 73-4273 Hulikoa Drive, Kailua-Kona, Hawaii 96740.

3.      As of October 11, 2007, Metcalf Construction Company, Inc. had a net worth less than $7 million. At no time during its corporate existence has Metcalf Construction Company, Inc. had a net worth of $7 million or more.

4.      As of October 11, 2007, I personally had a net worth less than $7 million.

5.      As of October 11, 2007, Metcalf Construction Company, Inc. had fewer than 500 employees. At all times during its corporate existence Metcalf Construction Company, Inc. has had fewer than 500 employees.

I declare under penalty of law that the foregoing is true and correct.

DATED: 10/16/07 _____
                              TERRY METCALF

5/7977.1                                    2

Attorney Time Billed to Metcalf Construction/Debarment:

| May: | hours | rate | charge |
|---|---|---|---|
| DLP | 0.3 | 450 | 135 |
| EAF | 7.6 | 325 | 2470 |
| JBW | 5.8 | 260 | 1508 |
| RJS | 7.4 | 380 | 2812 |
| SRS | 1.6 | 520 | 832 |
| TRL | | 240 | 0 |
| total hrs | 22.7 | | $7,757 |
| | | | |
| June: | | | |
| DLP | | 450 | 0 |
| EAF | 13.3 | 325 | 4322.5 |
| JBW | 23.4 | 260 | 6084 |
| RJS | 14.5 | 380 | 5510 |
| SAP | | 280 | 0 |
| TRL | | 240 | 0 |
| total hrs | 51.2 | | $15,916.50 |
| | | | |
| July: | | | |
| DLP | | 450 | 0 |
| EAF | 1.2 | 325 | 390 |
| JBW | 1.5 | 260 | 390 |
| RJS | 1.1 | 380 | 418 |
| SAP | | 280 | 0 |
| TRL | | 240 | 0 |
| total hrs | 3.8 | | $1,198 |
| | | | |
| August: | | | |
| DLP | | 450 | 0 |
| EAF | 9.5 | 325 | 3087.5 |
| JBW | 1.3 | 260 | 338 |
| RJS | 2.8 | 380 | 1064 |
| SAP | | 280 | 0 |
| TRL | | 240 | 0 |
| total hrs | 13.6 | | $4,489.50 |
| | | | |
| September: | | | |
| DLP | 0.2 | 450 | 90 |
| EAF | 24.5 | 325 | 7962.5 |
| JBW | 47 | 260 | 12220 |
| RJS | 13.7 | 380 | 5206 |
| SAP | 2.7 | 280 | 756 |
| TRL | 10.8 | 240 | 2592 |
| MSK | 0.2 | 350 | 70 |
| total hrs | 98.9 | | $28,896.50 |
| | | | |

# Exhibit 2

| October: | | | |
|---|---|---|---|
| DLP | | 450 | 0 |
| EAF | | 325 | 0 |
| JBW | 101.6 | 260 | 26416 |
| RJS | 49.1 | 380 | 18658 |
| SAP | | 280 | 0 |
| TRL | 2.2 | 240 | 528 |
| **total hrs** | **152.9** | | **$45,602** |

$103,859.5
2300
2685.6
$109,047.65

Non-Attorney Charges Billed to Metcalf Construction/Debarment:

| October: | Cost to firm | |
|---|---|---|
| Legal ass't | 45.00 | |
| Legal ass't | 753.66 | |
| Copying/shipping | $1,739.49 | |
| costs | 350.00 | |
| **subtotal** | | **$2,888.15** |
| Expert (Ralph Nash) | 2,300.00 | |
| **subtotal** | | **$2,300.00** |
| **total** | | **$5,188.15** |

| Month | attorney hours | at 125/hr | CPI month | CPI | CPI base | delta | percentage | Total w/COLA Adj |
|---|---|---|---|---|---|---|---|---|
| May | 22.7 | $2,837.50 | May | 207.949 | 155.7 | 52.249 | 0.335574823 | $ 3,789.69 |
| June | 51.2 | $6,400.00 | June | 208.352 | 155.7 | 52.652 | 0.338163134 | $ 8,564.24 |
| July | 3.8 | $475.00 | July | 208.299 | 155.7 | 52.599 | 0.337822736 | $ 635.47 |
| August | 13.6 | $1,700.00 | August | 207.917 | 155.7 | 52.217 | 0.3353693 | $ 2,270.13 |
| September | 98.9 | $12,362.50 | September* | 207.917 | 155.7 | 52.217 | 0.3353693 | $ 16,508.50 |
| October | 152.9 | $19,112.50 | October* | 207.917 | 155.7 | 52.217 | 0.3353693 | $ 25,522.25 |
| total | 343.1 | $42,887.50 | | | | | | $ 57,290.28 |

*COLA set at August rate

Formula Methodology:  The EAJA base rate was established at $125 per hour by Pub. Law 104-121, Sec. 232(b)(1), effective March 1996.  In March 1996, the Consumer Price Index (CPI) was 155.7.  To establish a COLA adjustment, the CPI base from March 1996 is subtracted from the CPI rate in the month of adjustment to determine the amount of increase ("Delta"); the Delta is then divided by the CPI base to establish a percentage increase for the month; that percentage increase is then applied to the $125 hourly rate to establish the COLA-adjusted total.

Example:  May 2007 CPI rate = 207.949;  May 2007 CPI Rate (207.949) minus March 1996 CPI base rate (155.7) equals 52.249; 52.249 divided by 155.7 equals .335574823;  Basic EAJA rate ($125) times 1.335574823 yields COLA adjusted rate of $166.946825 for May 2007.  COLA adjusted rate ($166.946825) times May 2007 attorney hours (22.7) yields total fee of $3,789.69.

# Exhibit 3