**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TERRY METCALF and ) <br> METCALF CONSTRUCTION COMPANY, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DONALD C. WINTER, et al. ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 07-1839 (RMC) |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR DISCOVERY**
**(PARTIALLY UNOPPOSED)**

Plaintiffs Terry Metcalf and Metcalf Construction Company, Inc. ("Metcalf" or "Plaintiffs") by counsel, hereby file this Objection To Defendants' Motion For Discovery (Partially Unopposed), and in support thereof, respectfully state:

1.      Plaintiffs contend that no formal discovery or discovery order is necessary in this matter, as Plaintiffs have already presented sufficient evidence to support the award of fees under the Equal Access to Justice Act (28 U.S.C. § 2412 ("EAJA"). Plaintiffs filed their Application for Fees on October 24, 2007. To demonstrate compliance with EAJA's requirements for recovery, accompanying that filing were (1) a Declaration of Terry Metcalf which stated that Metcalf's net worth was less than $7 million and had fewer than 500 employees; (2) a listing, by month, of the hours and expenses incurred per attorney in defense of the Navy's debarment of Metcalf; and (3) a detailed listing of COLA adjustments to the statutory rate.

2.      Additionally, no formal discovery or discovery order is necessary in that Plaintiffs have already volunteered to provide additional information to Defendants' counsel. For example, Mr. McDaniel's paralegal contacted Jeremy Becker-Welts of this office on November

6, 2007, to request a one-month extension to respond to Plaintiffs' Application. The request was based on Mr. McDaniel's extremely busy schedule. No communication was made to Mr. Becker-Welts of any issues relating to the actual Application or its content, although Mr. McDaniel's paralegal indicated that Defendants might be requesting some limited discovery. Plaintiffs, as a courtesy, agreed to a one-month extension and Defendants filed the appropriate request with the Court.

      3.     In response to the earlier message that some discovery might be requested, Mr. Becker-Welts contacted Mr. McDaniel on November 26, 2007, to inquire if Mr. McDaniel had any questions about the Application. At that time, Mr. McDaniel raised a question about Metcalf Construction's corporate net worth based on having reviewed certain Dun & Bradstreet reports.[1] In response, Mr. Becker-Welts sent Mr. McDaniel an email that same date and provided information from Metcalf's financial statements and independent audit reports for calendar years 2004 and 2005, as well as information from Metcalf's 2006 trial balance sheet that demonstrated Metcalf's net worth did not exceed $7 million. Again, Defendants' counsel was offered the opportunity to further question that information. A copy of the email to Mr. McDaniel is attached as Exhibit 1.

      4.     Despite having received the financial information from Mr. Becker-Welts and an offer to provide further assistance if requested, no further inquiries ensued from Defendants. Since Plaintiffs had already agreed to provide counsel for the Defendant with whatever discovery was appropriate to establish their status, collectively and/or individually, as parties under EAJA, and had offered to do so before Defendants' Motion was filed, seeking an order of formal discovery seems to Plaintiffs to be simply a matter of unjustifiable delay in resolving this matter.

---

[1] The reports, Exhibit 3 of Defendants' Motion, merely report estimated annual sales for Metcalf of $13.8 million, a figure that can hardly be confused with or equated to net worth.

2

While Plaintiffs do not object to providing discovery, Plaintiffs do object to allowing an additional 90 days for that discovery to take place, especially since the information was offered voluntarily before Defendants' Response was due.

5. Additionally, rather than relying on estimated annual sales data from a Dun & Bradstreet report obtained from the internet to question Metcalf's net worth, Defendant could have satisfied its questions simply by asking the Defense Contract Audit Agency ("DCAA"). As a result of Metcalf's certified claim pending against the Navy, an audit of Metcalf has been (or is currently being) performed. As a part of that audit process, Metcalf provided all of its financial statements to DCAA. Again, a request for formal discovery of information already within Defendants' possession is superfluous.

6. Defendants' counsel appears to question whether Terry Metcalf qualifies as a party under EAJA because his declaration states a personal net worth of less than $7 million and not $2 million, which Defendants' counsel contends is the applicable threshold under EAJA. Regardless of the applicable threshold, Terry Metcalf's personal net worth is less than $2 million, making this issue moot. Attached as Exhibit 2 is the Supplemental Declaration of Terry Metcalf verifying his net worth does not exceed $2 million.

7. The other basis for Defendants' request for discovery -- "discovery to parse what fees were incurred pre- and post- debarment," –ignores the information already submitted by Plaintiffs. Determining the legal fees incurred by Metcalf pre-debarment versus post-debarment is clearly discernible from Exhibit 2 of Plaintiffs' Application on a month by month basis. To the extent that the Court believes that discovery of additional supporting information on fees may be warranted, Plaintiffs are prepared to cooperate fully and quickly with any requests from Mr. McDaniel, subject of course to the constraints of attorney client privilege and attorney work

product.  In no event, however, is a 90 day period for discovery necessary to facilitate such a request.  Such a request could be answered in a matter of hours simply by performing some arithmetic.

8.	Plaintiffs feel compelled to point out to the Court that the Navy managed to initiate and conclude debarment proceedings against Metcalf in four months[2] -- less time than the Defendants have already obtained and have now requested for the purpose of filing a simple Response to Plaintiffs' EAJA Application.  In essence, Plaintiffs wish to have five months in which to investigate and analyze Metcalf's net worth and to "parse" the information plainly laid out in Exhibit 2 to Plaintiffs' Application. This is clearly unreasonable.

WHEREFORE, Metcalf respectfully requests the Court deny Defendants' Motion for Discovery, and grant such and other relief as is just and proper.

December 11, 2007				Respectfully submitted,


						/s/ Robert J. Symon
						ROBERT J. SYMON
						Bradley Arant Rose & White LLP
						1133 Connecticut Avenue NW
						12th Floor
						Washington, D.C. 20036
						(202) 393-7150

						Counsel of Record for Plaintiffs
						TERRY METCALF and
						METCALF CONSTRUCTION CO., INC.

---

[2] Proposed debarment and placement of Metcalf on the Excluded Parties List System occurred on May 1, 2007 and the debarment decision was dated September 4, 2007, a period of slightly more than four months.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2007, I caused the foregoing Objection To Defendants' Motion For Discovery (Partially Unopposed) to be served on Counsel for the Defendants by the Electronic Case Filing system or, if this means failed, by electronic mail delivery to:

>Oliver W. McDaniel, Esq.
>Assistant United States Attorney
>Civil Division
>555 Fourth St., N.W.
>Washington, DC  20530
>oliver.mcdaniel@usdoj.gov

>/s/ Robert J. Symon
>ROBERT J. SYMON
>Bradley Arant Rose & White LLP
>1133 Connecticut Avenue NW
>12th Floor
>Washington, D.C. 20036
>(202) 393-7150

**Becker-Welts, Jeremy**

| | |
|---|---|
| From: | Becker-Welts, Jeremy |
| Sent: | Monday, November 26, 2007 1:47 PM |
| To: | 'McDaniel, Oliver (USADC)' |
| Cc: | Symon, Robert J. |
| Subject: | Metcalf Construction |

Oliver –

I checked the issue we spoke about and have the following information: Although Metcalf Construction, Inc. has shown some significantly high contract revenue over the past several years, the costs associated with that revenue has still kept their net worth below the EAJA ceiling. As part of DCAA's audit of Metcalf's claim, Metcalf provided financial statements and an independent audit report for calendar years 2004 and 2005. Also, a trial balance for calendar year 2006 was supplied.

For calendar year 2006, the trial balance sheet shows a total stockholder equity of $4,480,442. Per Bill Kime at Rubino & McGeehin, total stockholder equity is the true measure of a corporation's net worth.

For calendar years 2005 and 2004, the total stockholder equity was $5,486,571 and $4,132,561, respectively.

Should you have any further questions, please do not hesitate to contact me.


Jeremy Becker-Welts, Esq.

Bradley Arant Rose & White, LLP

1133 Connecticut Avenue, N.W.

12th Floor

Washington, D.C. 20036

(202) 719-8207 - Phone

(202) 719-8307 - Direct Fax


# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Terry Metcalf )
73-4273 Hulikoa Drive )
Kailua-Kona, Hawaii 96740 )
)
Metcalf Construction Company, Inc. )
73-4273 Hulikoa Drive )
Kailua-Kona, Hawaii 96740 )
)
        Plaintiffs, )
)
v. ) Civil Action No.: 07-1839 (RMC)
)
Donald C. Winter )
Secretary of the United States Navy )
Office of the Secretary of the Navy )
Department of the Navy )
1000 Navy Pentagon Room 4D572 )
Washington, DC. 20350-1000 )
)
and )
)
Mark O. Wilkoff )
Suspending and Debarring Official )
Office of the General Counsel )
Department of the Navy )
720 Kennon Street SE, Bldg 36, Room 214 )
Washington Navy Yard, DC 20374-5012 )
)

### SUPPLEMENTAL DECLARATION OF TERRY METCALF

I, TERRY METCALF, do hereby declare under penalty of perjury, and with the full knowledge that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. 1001), the following:

# EXHIBIT 2

5/79977.1

1. My name is Terry Metcalf and I make this declaration based on facts personally known by me.

2. I am the President and Chief Executive Officer of Metcalf Construction Company, Inc. ("MCCI"). My principal place of business is 73-4273 Hulikoa Drive, Kailua-Kona, Hawaii 96740.

3. As of October 11, 2007, Metcalf Construction Company, Inc. had a net worth less than $7 million. Metcalf Construction Company's net worth for calendar year 2006 was $4,480,442; for calendar year 2005 was $5,486,571; and for calendar year 2004 was $4,132,561. At no time during its corporate existence has Metcalf Construction Company, Inc. had a net worth of $7 million or more.

4. As of October 11, 2007, my personal net worth was $789,700.00

5. As of October 11, 2007, Metcalf Construction Company, Inc. had fewer than 500 employees. At all times during its corporate existence, Metcalf Construction Company, Inc. has had fewer than 500 employees.

I declare under penalty of law that the foregoing is true and correct.

DATED: Dec-10th-07       _____
                         TERRY METCALF

5/7977.1

2