UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Terry Metcalf,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) **Civil Action No. 07-1839 (RMC)** | |
| | ) | |
| **Donald C. Winter,** *et al.* | ) | |
| **Secretary of the United States Navy** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE ONE-DAY LATE
DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY
AS TO PLAINTIFFS' APPLICATION FOR FEES AND OTHER
EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

The Defendants, through counsel, the United States Attorney for the District of Columbia,

respectfully move pursuant to Fed. R. Civ. P. 6(b)(2) for leave to file their reply memorandum to

Plaintiff's opposition (styled as an "objection") to Defendants' Partially Unopposed Motion for

Discovery on today, December 18, 2007, one day late.  Counsel for the Plaintiffs, Jeremy Becker-

Welts, Esqure, has graciously reported that Plaintiff does not oppose this motion.

Counsel for the Defendants inadvertently failed properly to calendar the due date of the reply

memorandum in this matter, noting the due as today, December 18, rather than December 17, 2007.

Counsel regrets this oversight and requests leave to file reply attached hereto.  Further complicating

Counsel's ability to insure a proper calendaring of the due date was the fact that Counsel for the

Defendants has been consumed with filings and responsibilities in other cases, most prominently

Johnson, et al. v. D.C., et al., Civil Action No. 02-2364 (RMC), Lloyd v. Mulkasey, Civil Action No.

97-1287 (PLF) and Sulton v. Peters, Civil Action No. 07-1470 (EGS), among many responsibilities.

WHEREFORE, Defendants respectfully submit that this motion for leave to file their reply

memorandum to Plaintiffs' Opposition to Defendants' Partially Unopposed Motion for Discovery

should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NUMBER 498-610


By:    _____/s/_____
OLIVER W. McDANIEL, D.C. Bar No. 377-360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

December 18, 2007

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Terry Metcalf,** *et al*. | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **Civil Action No. 07-1839 (RMC)** |
| | ) |
| **Donald C. Winter,** *et al*. | ) |
| **Secretary of the United States Navy** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

<u>ORDER</u>

UPON CONSIDERATION of Defendants' Unopposed Motion for Leave to File their Reply

Memorandum to Plaintiffs' Opposition to Defendants' Motion for Discovery as to Plaintiffs'

Application for Fees and Other Expenses under the Equal Access to Justice Act, the grounds stated

therefor and the entire record in this matter, it is by the Court this _____ day of December,

2007, hereby

ORDERED that the Motion for Leave to File be and hereby is GRANTED, and it is

FURTHER ORDERED that Defendants' Reply Memorandum to Plaintiffs' Opposition to

Defendants' Motion for Discovery as to Plaintiffs' Application for Fees and Other Expenses under

the Equal Access to Justice Act shall be deemed filed on Tuesday, December 18, 2007.

_____
UNITED STATES DISTRICT JUDGE

Copies to:


Oliver W. McDaniel
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

Robert J. Symon, Esq.
Jeremy Becker-Welts, Esq.
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Terry Metcalf,** *et al.* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. 07-1839 (RMC) |
| | ) |
| **Donald C. Winter,** *et al.* | ) |
| **Secretary of the United States Navy** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY
AS TO PLAINTIFFS' APPLICATION FOR FEES AND OTHER
EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Defendants, through counsel, the United States Attorney for the District of Columbia, in the above-captioned case, respectfully submit this reply memorandum to Plaintiff's opposition (styled as an "objection") to Defendants' Partially Unopposed Motion for Discovery. Defendants are stunned by Plaintiffs' about-face in their position, reporting no opposition to discovery to Counsel for the Defendants then filing a full "objection." Further, Plaintiffs' objection does not genuinely address Defendants' need for information about Plaintiffs' net worth but takes the incredible position that Defendants should either accept what information Plaintiffs offer about their net worth or attempt to obtain information from the Defense Contract Audit Agency (DCAA), which has little connection to the Navy and no obligation to share whatever information it has on the subject.

**DISCUSSION**

Defendants submit that it is both illogical and unreasonable for Plaintiffs to expect Defendants to rely on Plaintiffs' claims concerning net worth when they have a pending civil action against the Navy in the Court of Federal Claims in Metcalf Construction Corp., Inc. v. United States,

Civil Action No. 07-777 C, filed on November 5, 2007, for approximately $44 million as to limited

aspects of just one contract. Secondly, as noted, Plaintiffs' representation concerning their position

on this motion was not reliable, like Terry Metcalf's original declaration reporting that he has a net

worth of less than $7 million, conveniently changed to less than $2 million in a supplemental

declaration filed with their "objection" to discovery, after Counsel for the Defendants advised

Counsel for the Plaintiffs of the correct interpretation of 28 U.S.C. § 2412.

With this backdrop, this Court should agree, Defendants are certainly more prudent in

respectfully declining Plaintiffs' offers to provide "additional information" concerning their financial

status. The fact that Metcalf Corporation has fewer than 500 employees, as represented by Plaintiffs,

means less overhead for the company and more profit, given the sizeable contracts it handles and

does not increase Defendants' confidence in Plaintiffs' claims concerning their net worth. Plaintiffs

have not provided tax information nor any certification of an independent accounting firm, for

instance, concerning their net worth. And, while they point to DCAA as a source of information,

presumably they could turn over the very same information that they have or will turn over to

DCAA, but have failed to do so.

One of the primary purposes of court-ordered discovery is to increase the opportunity that

a party has to obtain reliable information that is important to the litigation, information that the party

need not trust his opponent to provide. See Hickman v. Taylor, 329 U.S. 495, 499-501 & n.2 (1947)

(general purposes of discovery rules . . . " 'The great weakness of pleading as a means for developing

and presenting issues of fact for trial lay in its total lack of any means for testing the factual basis for

the pleader's allegations and denials.' "), quoting Sunderland, *The Theory and Practice of Pre-Trial*

*Procedure*, 36 Mich. L. Rev. 215, 216. See also Ragland, *Discovery Before Trial* (1932), ch. I.

Plaintiffs' representation that their exhibit 2 breaks down expenses by month omits the fact that this exhibit provides very little information about the item or items for which fees were incurred, whether the service or product listed was provided in the listed time frame, or whether the bill was sent or delivered in this time frame. Moreover, Plaintiffs list fees for copying costs and paralegal costs, as well as unidentified line items. Defendants should have something more than this limited information to evaluate fully Plaintiffs' fee application, such as specific information about the product or service provided and exactly when and for what purpose it was provided.

Plaintiffs remain noticeably silent concerning the case authority cited by Defendants supporting the approach of seeking discovery concerning their status as a "party" under EAJA in advance of briefing. See National Ass'n of Mfrs. v. Department of Labor, 159 F.3d 597, 605 (D.C. Cir. 1998) (limited discovery of proponent's net worth effectively precluded opponent from asserting that proponent was not a "party"). See also Germano-Millgate Tenants Ass'n v. Cisneros, 855 F.Supp. 233, 234 (N.D. Ill. 1993) (discovery on issue of net worth permitted); U.S. v. Eighty-Eight (88) Designated Accounts Containing Monies Traceable to Exchanges for Controlled Substances, 786 F.Supp. 1578, 1580 (S.D. Fla. 1992) (Court explains importance of information contradicting proponents' allegations of having a qualifying net worth in opposing award of EAJA fees on this ground). It would not be unreasonable for the Court to interpret Plaintiffs' silence as a concession as to the legitimacy of Defendants' request for discovery.

WHEREFORE, Defendants submit that the Court should grant their motion for discovery.


Respectfully submitted,


_____ /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____ /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____ /s/
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739 / (202) 514-8780 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of December, 2007, I caused the foregoing Defendants'

Motion for Leave to File, with proposed order, and an attached Reply Memorandum to Plaintiffs'

Opposition to Defendants' Motion for Discovery as to Plaintiffs' Application for Fees and Other

Expenses under the Equal Access to Justice Act to be served on Counsel for the Plaintiffs by the

Electronic Case Filing system or, if this means fails, then by U.S. mail, postage prepaid, addressed

as follows:


Robert J. Symon, Esq.
Jeremy Becker-Welts, Esq.
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036


_____/s/_____
OLIVER W. McDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 616-0739
