UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Terry Metcalf, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-1839 (RMC) |
| ) | |
| Donald C. Winter, *et al.* ) | |
| Secretary of the United States Navy ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### STIPULATION OF SETTLEMENT AND DISMISSAL

On October 15, 2007, the Defendant notified the Court and Counsel of the decision of the Navy to rescind its September 4, 2007 order debarring Plaintiffs. Consequently, on October 16, 2007, the Court issued an order dismissing this case as moot. The parties, by and through their respective counsel, hereby stipulate and agree, subject to execution by the Court, to settle and compromise the remaining issue of attorney's fees and costs and the entire case, under the terms and conditions set forth in this Stipulation of Settlement and Dismissal ("Stipulation").

1.   Defendant shall pay Plaintiffs a lump sum of Fifty Thousand Dollars ($50,000.00) in attorneys' fees and costs in this matter.

2.   Payment of the attorneys' fees and costs award will be made either by mailing a check to, or by electronic funds transfer to an account of, Bradley Arant Rose & White LLP, based on the information provided by Plaintiffs' Counsel to effect the transfer. Counsel for Defendant agrees that, upon notification of the Court's endorsement of this Stipulation and receipt of information, his Office will promptly complete and transmit to the United States Department of the Treasury the documentation necessary to initiate this payment.

3.  By executing this Stipulation, Plaintiffs forever waive, release and abandon any and all claims against Defendant, U.S. Department of the Navy (Navy) or any of its employees or agents, past or present, involving this Court's review of the Navy's debarment proceedings relating to Plaintiffs. Defendant forever waives, releases and abandons any and all claims and defenses against Plaintiffs, which were, or could have been asserted, in this action. Such waived, released, and abandoned claims and defenses include, but are not limited to, those which were or could have been asserted in the above-captioned action, as well as any and all other claims or defenses arising out of debarment proceedings initiated by the Navy against Plaintiffs, except for claims that may be raised in the contract litigation now pending in the United States Court of Claims.

4.  This Stipulation of Settlement shall represent full and complete satisfaction of all claims raised, or that could have been raised in the complaint filed in this action, including full and complete satisfaction of all claims for costs and attorneys fees that have been, or could be, made in this case. In particular, this Stipulation of Settlement shall include all claims for attorneys' fees and costs incurred in connection with the administrative debarment process at the agency level before the U.S. Navy, the District Court litigation process, and any other proceedings involving the causes of action raised in this case.

5.  This Stipulation of Settlement shall not constitute an admission of liability or fault on the part of the United States, its agents, servants, or employees, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

6.  This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

7.  By entering this Stipulation, the Defendant does not waive any right to contest fees or Plaintiffs' eligibility for fees under the Equal Access to Justice Act, claimed by Plaintiffs or their counsel, including the hourly rate, in any future litigation. Further, the parties agree that this Stipulation has no value as precedent and shall not be used as evidence or otherwise in any pending or future civil or administrative action against the United States, or any agency or instrumentality of the United States.

8. Execution of this Stipulation of Settlement by Plaintiffs and by Counsel for the Plaintiffs and the Defendants shall constitute a dismissal of these actions with prejudice, effective upon execution by the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), provided that this Court shall retain jurisdiction over enforcement of this Stipulation of Settlement and Dismissal.

Respectfully submitted,

_____
ROBERT J. SYMON
Bradley Arant Rose & White LLP
1133 Connecticut Avenue NW
12th Floor
Washington, D.C. 20036
(202) 393-7150

Counsel for the Plaintiffs

_____
Terry Metcalf, Individually and on behalf of Metcalf Construction Corp., Inc.

Plaintiffs

DATE: 2/12/08

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
OLIVER W. McDANIEL, D.C. Bar #377-360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739

Counsel for Defendant

DATE:

It is So Ordered, this 20 day of February, 2008.

_____
Date

_____
ROSEMARY M. COLLYER
United States District Judge

4